IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL D. ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | 3:08-CV-598-TMH |
| | | (WO) |
| SHERIFF JAY JONES, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 25, 2008, Plaintiff, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama, filed an application for leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

**DISCUSSION**

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Roberts v. Winston, et al.*, Civil Action No. 3:99-CV-1012-ID (M.D. Ala. 2000) (frivolous); (2) *Roberts v. Chapman, et al.*, Civil Action No. 3:99-CV-1010-WHA (M.D. Ala. 2000) (frivolous); and (3) *Roberts v. Strickland, et al.*, Civil Action No. 3:99-CV-38-WHA (M.D. Ala. 2000) (appeal frivolous).

In this case, Plaintiff complains about events and incidents which occurred on March 27, April 2, April 8-13, April 24, July 11, 2008 and "until the present time."[2] He alleges that the conditions under which he is housed are unconstitutional. Plaintiff also complains of receiving another inmate's medication on one occasion and of experiencing delays in the provision of medical treatment and prescriptions.

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.,* 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (citing *Martin

---

[2] The court notes that Plaintiff signed his complaint on July 9, 2008. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Plaintiff] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

*v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (citing *Martin, supra,* and *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted).

The court notes Plaintiff's allegation of an ongoing medical condition (muscle spasms) which he concedes is already a permanent disability. He states that the doctor provided him with a prescription for this condition which was suspended for a two week period because of dental treatment he underwent. Although he asserts that his dental treatment has now "lapsed," he complains that he asked the nurse for "this treatment . . . to be initiated," *i.e.*, the dispensing of medication upon request, but she has denied or ignored the requests. (*See Doc. No. 1 at 7*.) Plaintiff does not allege, however that at his current place of confinement, all medical treatment has been withdrawn, that he has suffered any complications related to his condition, or that his condition has deteriorated.

In sum, the court has carefully reviewed the claims presented in the instant action. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g) because his claims do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Plaintiff's laundry-list of complaints about the conditions of confinement at the county jail over the past several months fail to satisfy the dictates of

§ 1915(g). His allegations concerning medical care and treatment at unspecified periods fail to allege facts sufficient to demonstrate that he was in imminent danger at the time he commenced this case nor has he alleged that he has suffered any physical injury as a result of not receiving medication. Accordingly, the court finds that Plaintiff's medical condition is not the type of serious injury that has been recognized by the courts as entitling him to avoid the bar of § 1915(g) and it does not do so in this case. *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on July 25, 2008 (*Doc. No. 2*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 26, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, 13th day of August 2008.

   /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE